UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA JAMES ISLER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ELDON VAIL,<br><br>　　　　Respondent. | Case No. C10-1056-MJP-JPD<br><br>REPORT AND<br>RECOMMENDATION |

Petitioner has failed to respond to three orders: **(1)** an order to provide quarterly status reports during the pendency of the stay (Dkt. 14); **(2)** an order to show cause why the stay of his 28 U.S.C. § 2254 habeas petition should not be lifted (Dkt. 20); and **(3)** an order to file a concise statement of the grounds in his amended habeas petition (Dkt. 24). Although petitioner never informed the Court of a new address, the Court *sua sponte* resent the relevant documents to petitioner at his penal institution and extended the time for him of file a concise statement to **May 25, 2012**. (Dkt. 25.) To date, petitioner has declined to respond. It is therefore clear that petitioner has abandoned his habeas petition and has declined to comply with court orders.

The Court recommends **DISMISSING** this matter without prejudice for failure to prosecute and for failure to comply with court orders. Alternatively, the habeas petition may be dismissed without prejudice for failure to state a claim upon which relief may be granted.

REPORT AND RECOMMENDATION
PAGE - 1

In full and without further explication, petitioner's two grounds for relief are: **(1)** "I have a letter that was written by a girl who testified that she said she did not know why she sided with the 'victim,'" and **(2)** "ineffective assistance of counsel." (Dkt. 8, at 5, 7.) In ground 1, petitioner does not state the identity of the declarant, the importance of the declarant's testimony, how any statements made under oath were false or misleading, or the reasons why the state courts incorrectly rejected this issue at trial and on appeal. In ground 2, petitioner does not specify how counsel was ineffective. Neither ground, therefore, suggests that the state-court adjudication was contrary to, or an unreasonable application of, established federal law, or was an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)–(2). The Court also recommends **DENYING** issuance of a certificate of appealability.

DATED this 1st day of June, 2012.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge